| KEISHA HENRY AND CEDRIC BRUMFIELD, III | * | NO. 2023-CA-0543 |
|---|---|---|
| | * | COURT OF APPEAL |
| VERSUS | | |
| | * | FOURTH CIRCUIT |
| RICHARD BELL, SR. AND DARREN LOMBARD IN HIS CAPACITY AS CLERK OF CRIMINAL COURT | * | STATE OF LOUISIANA |
| | * | |
| | * | |

\* \* \* \* \* \* \*

*TGC*

**CHASE, J., CONCURS IN THE RESULT WITH REASONS**

I respectfully concur in the result. As noted in the majority opinion, Paragraph 9 of the Notice of Candidacy form provides:

> If I am a candidate for any office other than United States senator or representative in congress, that for each of the previous five tax years, I have filed my federal and state income tax returns, have filed for an extension of time for filing either my federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.

Plaintiffs submitted evidence indicating that Mr. Bell failed to file his state income tax returns in the years 2018, 2019, 2020, 2021, and 2022. Mr. Bell then testified that he averaged a gross income of approximately $40,000.00/year during that time period. According to the IRS, a married individual whose gross income is in excess of $27,400.00 must file a tax return whether filing jointly or separately. Although Mr. Bell receives Social Security and military retirement benefits, which may be subject to a tax exemption, Mr. Bell admitted having a gross income of approximately $40,000.00 therefore requiring him to file a federal tax return. Pursuant to La. R.S. 47:101, when a federal tax return is required, a Louisiana tax return is also required. Considering the evidence presented in the trial court, I find that Plaintiffs presented a *prima facie* showing that Mr. Bell did not file state income taxes despite being required to do so. Therefore, the trial court erred in failing to disqualify Mr. Bell based upon his erroneous certification.

1